UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GLADYS SELENNE PINTO-BARRERA, | § | |
| | § | |
| *Petitioner,* | § | |
| v. | § | EP-18-CV-00325-DCG |
| | § | |
| JOE M. SIFUENTEZ, *ERO El Paso Acting* | § | |
| *Field Office Director, Immigration and* | § | |
| *Customs Enforcement (ICE),* **and** | § | |
| **KIRSTJEN NIELSEN,** *Secretary, U.S.* | § | |
| *Department of Homeland Security (DHS),* | § | |
| | § | |
| *Respondents.* | § | |

## ORDER

Presently before the Court is Petitioner Gladys Selenne Pinto-Barrera's "Emergency

Motion for Injunctive Relief (Stay of Removal)" (ECF No. 2) filed on October 31, 2018. The

Court held a hearing on the Emergency Motion on November 9, where the parties made their

arguments. For the reasons that follow, the Court **DENIES** Petitioner's Emergency Motion and

**DISMISSES THE CAUSE WITHOUT PREJUDICE.**

### I. BACKGROUND

Petitioner Gladys Selenne Pinto-Barrera is a native and citizen of Honduras who is

presently detained at the South Texas Detention Facility in El Paso, Texas. Writ at 1–2, ECF

No. 1. Petitioner entered the United States without inspection on or around November 1, 2013,

at or near Hidalgo, Texas. *Id.* at 4. On or around November 14, 2013, Petitioner was served

with a Notice to Appear charging her as removable under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* On

May 5, 2015, an immigration judge denied her applications for asylum, withholding of removal,

and deferral of removal and ordered her removed to Honduras. *Id.* Subsequently, she appealed

the immigration judge's decision to the Board of Immigration Appeals, but the Board dismissed her appeal on July 18, 2016. *Id.*

However, on August 26, 2016, Petitioner married her United States citizen-spouse, David Barnhart, with whom she has a young child. *Id.* On January 30, 2017, Mr. Barnhart submitted Form I-130 Petition for Alien Relative on behalf of Petitioner. *Id.* On or around August 6, 2018, Mr. Barnhart and Petitioner attended their marriage interview for their I-130 Petition at U.S. Citizenship and Immigration Services ("USCIS") in El Paso, Texas. *Id.* at 5. Regrettably, on or around September 16, 2018, Petitioner was arrested on suspicion of driving while intoxicated with a child less than 15 years of age and later transferred to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* On October 11, 2018, Petitioner submitted Form I-246 Application for Stay of Deportation to her ICE deportation officer, but ICE denied her application on October 15. *Id.* On or around the week of October 22, ICE informed Petitioner that she is scheduled for deportation. *Id.*

To date, Petitioner's I-130 Petition is still pending before USCIS. *Id.* If her Petition is approved, Petitioner will be eligible to submit a Form I-212 Application for Permission to Reapply for Admission into the United States after Deportation or Removal to waive her order of removal and a Form I-601A Application for Provisional Unlawful Presence Waiver to waive her unlawful presence in the United States. *Id.* Petitioner is eligible to complete the above applications prior to departing the United States to attend her consular interview and complete "consular processing" in order to return to the United States as a lawful permanent resident. *Id.*

Consequently, Petitioner filed a Writ of Habeas Corpus alleging that ICE's deportation of her before she is able to go through the above-referenced process violates her regulatory, statutory, and due process rights and is arbitrary and capricious under the Administrative

Procedures Act ("APA"). *Id.* at 6. Therefore, Petitioner requests that the Court stay her removal until her above-referenced applications are processed and order her released from ICE custody or schedule a bond hearing in Petitioner's immigration case. *Id.* at 6–7; Emergency Mot. at 5.

## II. DISCUSSION

Before the Court delves into the substance of Petitioner's Emergency Motion, the Court must first determine if it has jurisdiction over this matter. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002) (*per curiam*). Accordingly, Petitioner must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.,* 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).

In the instant case, Respondents contend that 8 U.S.C. § 1252(g) strips the Court of jurisdiction. Resp. at 5, ECF No. 6. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey,* 509 F.3d 709, 712 (5th Cir. 2007). Therefore, the current state of the law is such that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added). This prohibition extends to habeas petitions under 28 U.S.C. § 2241. 8 U.S.C. § 1252(a)(5); 8 U.S.C. § 1252(b)(9). The Fifth Circuit has further held that the prohibition strips district courts of the jurisdiction to consider requests for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings.").

Therefore, the REAL ID Act strips this Court of jurisdiction to decide Petitioner's Emergency Motion. The Court cannot "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *See* 8 U.S.C. § 1252(g); *Velasquez v. Nielsen*, No. 18-40140, 2018 WL 5603610, at *4 (5th Cir. Oct. 29, 2018). Further, this prohibition also strips the Court of jurisdiction to hear Petitioner's claims under the APA. *See Webster v. Doe*, 486 U.S. 592, 599 (1988) ("Section 701(a) . . . limits application of the entire APA to situations in which judicial review is not precluded by statute." (citing 5 U.S.C. § 701(a)(1)). Accordingly, 8 U.S.C. § 1252(g) has stripped the Court of jurisdiction to hear this case.

However, there is an open question as to whether 8 U.S.C. § 1252(g) is unconstitutional as applied to this set of facts under the Suspension Clause. *See* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). Indeed, Petitioner bases her argument that the Court has jurisdiction over this matter on the Suspension Clause. Emergency Mot. at 3.

The Supreme Court has held that Congress stripping federal courts of habeas jurisdiction does not violate the Suspension Clause when it provides litigants with an adequate and effective substitutionary remedy. *Swain v. Pressley*, 430 U.S. 372, 381–82 (1977). Here, Petitioner had an adequate and effective substitutionary remedy. She filed a Form I-246 Application for Stay of Deportation with ICE. ICE denied her application. Petitioner now, in essence, asks the Court to reconsider the wisdom of ICE's decision. Congress explicitly barred the Court from reviewing such discretionary decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (barring the Court from reviewing discretionary decisions of the Attorney General or the Secretary of Homeland Security); *Hernandez v. Sessions*, 872 F.3d 976, 987–88 (9th Cir. 2017) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." (internal quotation marks omitted)).

Further, at the hearing, Petitioner conceded that she would still be able to submit her applications and go through the process even if deported, but the process would take longer. While the Court is sympathetic to Petitioner's predicament, her deportation would not cost her any substantive rights under the relevant statutes. It would certainly be more convenient for Petitioner to remain in the United States and preferable from the standpoint of avoiding separating her from her family for a significant period of time, but those interests are insufficient to implicate the Constitution in this case. Thus, the Court does not have the power to grant Petitioner the relief she seeks because it lacks jurisdiction over this matter.[1]

---

[1] Petitioner cited a handful of decisions from other district courts with some similarities to the instant case that held in favor of jurisdiction. *See generally Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018); *Ibrahim v. Acosta*, No. 17-CV-24574, 2018 WL 582520 (S.D. Fla. Jan. 26, 2018); *Devitri v. Cronen*, 290 F. Supp. 3d 86 (D. Mass. 2017); *Hamama v. Adducci*, 258 F. Supp. 3d 828 (E.D. Mich. 2017). *But see Alam v. Nielsen*, 312 F. Supp. 3d 574 (S.D. Tex. 2018); *Higgins v. Strafford Cty. Dep't of Corr.*, No. 18-CV-147-PB, 2018 WL 1278302 (D.N.H. Mar. 12, 2018); *Mohamed v. Sessions*, No. CV 17-5331(DSD/BRT), 2017 WL 6021293 (D. Minn. Dec. 5, 2017). However, after a thorough review of the relevant law, the Court is unpersuaded by Petitioner's cases.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner Gladys Selenne Pinto-Barrera's "Emergency Motion for Injunctive Relief (Stay of Removal)" (ECF No. 2) is **DENIED**. The stay that the Court previously entered (ECF No. 3) is hereby **VACATED**.

**IT IS FURTHERED ORDERED** that that any and all claims against Respondents are **DISMISSED WITHOUT PREJUDICE.**

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this matter after docketing the Final Judgment to be issued separately on this day.

**So ORDERED and SIGNED this _15th_ day of November 2018.**

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE